IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CUNINA AGARD,

        Plaintiff,                    No. CIV 2-10-cv-0323-GEB-JFM (PS)

    vs.

BRETT JUSTIN HILL, JENNILEE HILL, and DOES 1 to 10,

        Defendants.             **FINDINGS & RECOMMENDATIONS**

_____/

Defendants' March 5, 2010 motion to dismiss came on for hearing April 8, 2010. Cunina Agard appeared in pro per. Lawrence Hensley appeared for defendants. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

Factual Background

Plaintiff is a wedding planner residing in Sacramento, CA. (First Amended Complaint ("FAC") at 2.) Plaintiff was hired by Brett Justin Hill and Jennilee Hill ("the Hills" or defendants) as a wedding coordinator, but fired prior to the defendants' May 2008 wedding. (See FAC at 4-5.)

/////

1

On or about November 23, 2009, defendants allegedly published on multiple website forums the following statements:

> Wedding Coordinator Warning
>
> Congrats to all you future brides!
>
> My husband and I were married in May 2008 at the Harvest Inn in St. Helena Ca. We originally hired Cunina Agard of Nina's Lovely I Do's (originally out of Sacramento) to be our wedding coordinator, but had to fire her a couple of months before the wedding due to issues that are too numerous and frustrating to go into at the moment (thought [*sic*] I would be more than happy to explain if you want to email me). Though Ms. Agard promised to return a portion of her fee to us, she did not do so and we were forced to sue. We won the case, but Ms. Agard appealed. We won the appeal as well. Still, she did not fulfill the court order to refund our money. Ms. Agard moved multiple times during the whole process and while trying to find her to serve yet another court order, we discovered that she is operating under a new name and location in Napa Ca. I am writing this post to warn anyone who is considering using Cunina Agard from (the now named) Nina's I Do's. You will not get what you paid for and your association with the company will cause way more stress, tears, and sleepless nights than any bride should have to deal with. We found out too late that we were not the first couple to have to sue Ms. Agard. I hope that nobody else has to go through what we did. Please feel free to shoot me a message with any questions."

(FAC at 2-3.)

Plaintiff contends the website posting by the Hills contains three false statements that portray her as an untrustworthy and incompetent wedding planner. First, plaintiff claims the statement "Ms. Agard moved multiple times" is false in that she only moved once "down the street" to a listed address and that she left a mail forward. (FAC at 4.) Plaintiff also asserts she maintained the same telephone number. (Id.) Plaintiff argues the statement implies that she attempted to avoid service in a lawsuit or that she was otherwise engaged in unfair or illegal business practices. (Id.)

Second, plaintiff claims the following statement is false: "We discovered that she is operating under a new name and location in Napa Ca. I am writing this post to warn anyone who is considering using Cunina Agard from (the now named) Nina's I Do's." (FAC at 4.) Plaintiff claims she did not change the name of her business or the location from which she

2

conducts her business. (Id.) Plaintiff argues the statement is designed to be understood by the reader that she changed business names or business areas for purposes of unfair trade or as a way to avoid a lawsuit or other harm to her reputation. (Id.)

Third, plaintiff claims the Hills' statement that they had to fire plaintiff "a couple of months before the wedding due to issues that are too numerous and frustrating to go into at this moment" is false. (FAC at 4.) Plaintiff asserts she took no action to justify the firing; that she was fired approximately one month prior to the wedding (not a couple of months); that the Hills used the vendors and arrangements plaintiff secured for their wedding; and, lastly, that the firing was due to a difference of personality rather than any professional failing of the plaintiff. (Id. at 4-5.) Plaintiff argues the statement implies that she was fired due to failure to properly plan the defendants' wedding. (Id. at 5.)

Plaintiff also claims that she had a contractual business relationship with multiple vendors[1], of which defendants were aware. Plaintiff contends defendants approached these vendors, indicating that the plaintiff was not qualified as a wedding planner, was not trustworthy, and threatened to damage the reputation of any business that worked with the plaintiff. Plaintiff argues that as a result of defendants' statements to each of the vendors listed in the complaint, the vendors have subsequently refused to continue to have any business dealings with plaintiff.

Procedural Background

On January 4, 2010, plaintiff filed a complaint in the Superior Court of the County of Sacramento against defendants listed herein for libel and tortious interference with contract or prospective economic advantage. (See Doc. No. 1.) Plaintiff sought general and special damages according to proof, punitive damages, and costs of suit. (Id. at 14.) The action was removed to this court on February 5, 2010 with jurisdiction based on diversity (defendants are residents of Reno, Nevada).

---

[1] The vendors listed by plaintiff include All Seasons All Reasons Catering, Always and Forever DJ Services, A Spotlight Wedding, Ambiance Floral, and Harvest Inn. (FAC at 7.)

On February 12, 2010, defendants filed a motion to dismiss. On February 18, 2010, plaintiff filed a FAC. The FAC is identical in all respects to the original complaint except as to the issue of damages: in the FAC, plaintiff identifies with particularity the amount she seeks in damages (general damages up to $300,000; special damages up to $425,000; punitive damages to be determined by the court; and costs of suit). On February 22, 2010, plaintiff filed an opposition to the Hills' motion to dismiss.

The Hills' motion to dismiss was originally scheduled to be heard before the Honorable Garland E. Burrell. (See Doc. No. 7.) However, in light of plaintiff's pro per status and pursuant to Local Rule 302(c)(21), the hearing before Judge Burrell was vacated. The defendants then filed an amended motion to dismiss on March 5, 2010 that was scheduled before the undersigned.

Plaintiff did not file a separate opposition to the amended motion to dismiss. However, because defendants' March 5, 2010 amended motion to dismiss is identical to the February 12, 2010 motion to dismiss, the court shall adopt plaintiff's opposition as responsive to the amended motion to dismiss. On March 15, 2010, defendants filed a reply. On March 22, 2010, plaintiff filed a response.

Standards

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

/////

1    In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include pleadings and other papers filed with a court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Analysis

Defendants first seek judicial notice of an entry of judgment entered in the Superior Court of California, County of Sacramento Small Claims Division dated February 6, 2009. (Hensley Decl., Ex. A.) In that suit, the judgment of which was affirmed on appeal on May 8, 2009, the Hills sued plaintiff in small claims court for reimbursement in the amount of $4,000.00. (Id., Ex. B.) The court ordered "[Agard] to reimburse [the Hills] $4,000.00 due to some work performed per wedding contract. However, the contract was not satisfactorily performed which caused plaintiffs to hire other individuals to assist with completion of their plans." (Id.)

The court may take judicial notice of adjudicative facts not subject to reasonable dispute. See Fed. R. Evid. 201. Accordingly, the court will take judicial notice of the state court judgments.

I.    Defamation

Plaintiff first argues that the statements published on the multiple websites by

5

defendants and made to customers, vendors and others with whom the plaintiff works were defamatory because they were written with malice and with intent to harm and destroy plaintiff's professional reputation and cause harm to her business by suggesting that plaintiff was not competent or trustworthy as a wedding planner. Plaintiff claims the statements were seen and read by persons in the Northern California region and that, as a proximate result of defendants' actions, she suffered loss of reputation, shame, mortification, and hurt feelings. Further, plaintiff claims she lost the ability to operate as a wedding planner in her county and the surrounding counties.

In their amended motion to dismiss, defendants argue that the judgment in the small claims court precludes plaintiff from asserting that the statements made on the website forums are untrue. That is, defendants argue that the judgment, which establishes that plaintiff did not perform the work for which she was hired, collaterally estoppes plaintiff from challenging any statement directly or impliedly asserting that she has not performed competently. Additionally, defendants argue that the statements made by them are privileged in that the statements were directed to "future brides" and were posted on wedding websites. In their response to plaintiff's opposition, defendants assert a third argument, namely, that the statements are opinions and thus not actionable.

The tort of defamation involves (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and that (5) has a natural tendency to injure or that causes special damage. Taus v. Loftus, 40 Cal.4th 683, 804 (Cal. 2007). Defamation can be either libel or slander. Cal. Civ. Code § 44. Libel is defined as "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Id. § 45. "A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face. Defamatory language not libelous on its face is not actionable unless the

6

plaintiff alleges and proves that he has suffered special damage as a proximate result thereof." Id. § 45a. Malice or ill will is not an element of defamation. See 5 Witkin, Summ. of Cal. Law Torts § 529 at 782 (10th ed. 2005).

Generally, a statement of fact rather than an expression of opinion will support a defamation action. Taus, 40 Cal.4th at 804. Nonetheless, "[s]tatements of opinion that imply a false assertion of fact are actionable." See Franklin v. Dynamic Details, Inc., 116 Cal. App. 4th 375, 385 (Cal. Ct. App. 2004). As the United States Supreme Court discussed in Milkovich v. Lorain Journal Co., 497 U.S. 1, 19 (1990), "[i]f a speaker says, 'In my opinion John Jones is a liar,' he implies a knowledge of facts which lead to the conclusion that Jones told an untruth. Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact."

"[T]he dispositive question is whether a reasonable fact finder could conclude the published statement declares or implies a provably false assertion of fact." Franklin, 116 Cal. App. 4th at 385 (citations omitted). The question whether a statement is reasonably susceptible to a defamatory interpretation is a question of law for the trial court. Smith v. Maldonado, 72 Cal. App. 4th 637, 647 (Cal. Ct. App. 1999). In determining whether a statement is actionable fact or nonactionable opinion, courts consider the "totality of the circumstances." Id. The Ninth Circuit employs a three-part totality of the circumstances test where they consider (1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates the impression, and (3) whether the statement in question is susceptible of being proved true or false. Gardner v. Martino, 563 F.3d 981, 987 (9th Cir. 2009); see also Knievel v. ESPN, 393 F.3d 1068, 1075 (9th Cir. 2005) (noting the three parts for the "totality of the circumstances" test as (1) the broad context; (2) the specific context and the content of the statement; and (3) whether the statement is sufficiently factual to be susceptible of being proved true or false). Only once the court has

determined that a statement is reasonably susceptible to such a defamatory interpretation does it become a question for the trier of fact whether or not it was so understood. Smith, 72 Cal. App. 4th at 647.

In all cases of alleged defamation, whether libel or slander, the truth of the offensive statements or communication is a complete defense against civil liability, regardless of bad faith or malicious purpose. Smith, 72 Cal. App. 4th at 646. The burden of pleading and proving truth is on the defendants in this matter. See id. at 647 n.5.

California law also provides certain privileges as a defense to an action for defamation. See Cal. Civ. Code § 47. Pursuant to section 47(c)(1) of said code, a communication is privileged if it is made "without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information."

Under section 47(c), the defendant generally bears the initial burden of establishing that the statement in question was made on a privileged occasion, and thereafter the burden shifts to plaintiff to establish that the statement was made with malice. Taus, 40 Cal.4th at 721. "The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and thereafter acted in reckless disregard of the plaintiff's rights." Id. (citing Sanborn v. Chronicle Pub. Co., 18 Cal.3d 406, 413 (Cal. 1976)).

Accepting as true the allegations in the complaint and construing them in the light most favorable to the plaintiff, the court finds that plaintiff has sufficiently pled the elements of libel to sustain a motion to dismiss. See Taus, 40 Cal.4th at 804. Under the totality of the circumstances, the court finds that the defendants' statements are actionable opinions that rely to some extent on "false assertion[s] of fact." See Milkovich, 497 U.S. at 19.

1     In their published online statement, defendants listed the following facts that plaintiff does not challenge in this action: (1) defendants hired plaintiff as their wedding coordinator; (2) upon being fired by defendants, plaintiff did not return a portion of her fee to defendants despite promising to do so; (3) defendants sued plaintiff and won a judgment in their favor, which was affirmed on appeal; (4) plaintiff has not refunded the money owed to defendants; and (5) other couples have sued plaintiff. Defendants, however, also relied on the following contested facts in support of their opinion that plaintiff is incompetent and untrustworthy: (1) plaintiff moved multiple times; (2) plaintiff is operating under a new name and in a new location; and (3) plaintiff was fired two months before defendants' wedding "due to issues that are too numerous and frustrating to go into at the moment."

     Within the context of the entire publication, which contains multiple uncontested facts, the court finds that the "provably false assertion of facts" that plaintiff challenges here are likely to be believed by readers and lead to the impression that plaintiff is untrustworthy and incompetent. Defendants' assertion that plaintiff moved multiple times and was operating under a new name may lead a reader to believe that plaintiff was engaged in unfair trade or was attempting to avoid a lawsuit.

     As to the third statement that plaintiff challenges, even in the broader context of the publication, it is clear that whether plaintiff was fired within one or two months is irrelevant to her claim. It is noted, however, that the defendants' statement that they had to fire plaintiff "due to issues that are too numerous and frustrating to go into at this moment" relies on implied facts. Nonetheless, the court finds that this statement relies on facts implied from the judgment from the small claims court, which found that plaintiff did not satisfactorily perform the wedding contract. Defendants are correct in arguing that plaintiff may not relitigate the motive for the termination of the contract in this suit. The defendants' opinion that plaintiff is incompetent stems from undisputed facts arising from the state court judgment. Accordingly, it should be

/////

1  found that this third statement is not reasonably susceptible to a defamatory interpretation.  See
2  Smith, 72 Cal. App. 4th at 647.

3        Finally, defendants have provided no convincing or persuasive law to support their
4  argument that their statements are privileged within the context in which they were made.  See
5  Brown v. Kelly Broadcasting Co., 48 Cal.3d 711, 723 n.7 (Cal. 1989) ("It is *the occasion* giving
6  rise to the publication that is conditionally privileged, i.e., under specified conditions the occasion
7  gives rise to a privilege") (emphasis in original).  Their defense of privilege under the common-
8  interest exception of section 47(c) is more appropriately brought within the context of a motion
9  for summary judgment.

10        Based thereon, defendants' motion to dismiss should be denied as to the first two
11  statements that plaintiff challenges as false and granted as to the third statement that plaintiff
12  challenges as false.

13  II.    Tortious Interference with Contract or Prospective Economic Advantage

14        Plaintiff also claims that she had a contractual business relationship with multiple
15  vendors, of which defendants were aware.  Plaintiff contends defendants approached these
16  vendors, indicating that the plaintiff was not qualified as a wedding planner, was not trustworthy,
17  and threatened to damage the reputation of any business that worked with the plaintiff.

18        Defendants do not deny that they made statements to plaintiff's vendors, but,
19  instead, assert that their statements were true and, in any event, their statements were privileged
20  under Cal. Civ. Code section 47(c).

21        To succeed on a claim of intentional interference with prospective business
22  advantage, the plaintiff must prove: "'(1) an economic relationship between the plaintiff and some
23  third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's
24  knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt
25  the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff
26  proximately caused by the acts of the defendant.'"  Korea Supply Co. v. Lockheed Martin Corp.,

29 Cal.4th 1134, 1153 (Cal. 2003).  The plaintiff must also "plead and prove as part of its case-in-chief that the defendant's conduct was 'wrongful by some legal measure other than the fact of interference itself.'"  Id. (citing Della Payne v. Toyota Motor Sales, U.S.A., Inc., 11 Cal.4th 376, 393 (Cal. 1995)).   It is not necessary to prove that the defendant acted with the specific intent, or purpose, of disrupting the plaintiff's prospective economic advantage.  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1155-57 (Cal. 2003).  Instead, "it is sufficient for the plaintiff to plead that the defendant '[knew] that the interference is certain or substantially certain to occur as a result of his action.'"  Id. at 1156-57.

In the FAC, plaintiff claims that she had a business relationship with certain vendors, that the defendants were aware of plaintiff's relationships with the vendors, and that the defendants "approached each of these vendors, indicating that the plaintiff was not qualified as a wedding planner, and was not trustworthy, and threatened to damage the reputation of any business that worked with the plaintiff."  (FAC at 8.)  Plaintiff further claims that as a result of defendants' statements, each of the vendors listed have refused to continue any business dealings with plaintiff, causing a current loss of $40,000 and a future lost value of $120,000.

Accepting as true the allegations in the complaint and construing them in the light most favorable to the plaintiff, the court finds that plaintiff has sufficiently pled the elements of this claim to sustain a motion to dismiss.  See Taus, 40 Cal.4th at 804.  The gravaman of the wrongful conduct asserted here is libel.  Defendants again rely on the truth of their statements and on section 47(c) to argue that their statements were qualifiedly privileged.  For the reasons set forth above, this argument is more appropriately brought within the context of a motion for summary judgment.  Defendants' motion to dismiss this claim, therefore, should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' March 5, 2010 motion to dismiss be:

1. Denied as to plaintiff's libel claim on the first two statements that plaintiff challenges as false and granted on the third statement that plaintiff challenges as false; and

2. Denied as to plaintiff's intentional inference claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 8, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

/014.agar0323.mtd