IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CUNINA AGARD,

    Plaintiff,                                No. CIV 2-10-cv-0323-JFM (PS)

    vs.

BRETT JUSTIN HILL, JENNILEE
HILL, and DOES 1 to 10,

    Defendants.                        ORDER

_____/

        Pending before the court is plaintiff's motion for reconsideration. Upon review of the motion and defendants' opposition, THE COURT FINDS AS FOLLOWS:

FACTS AND PROCEDURAL HISTORY

        This action was commenced on January 4, 2010 in Sacramento County Superior Court and removed on February 5, 2010 by defendants. In the operative first amended complaint, plaintiff brought suit against defendants for libel and intentional interference with prospective business advantage. Plaintiff's latter claim was subsequently dismissed on defendants' June 2, 2010 motion for summary judgment.

        Following consideration of the parties' cross-motions for summary judgment, judgment was entered in plaintiff's favor on the libel claim on October 27, 2010. The undersigned found that although defendants' November 23, 2009 statement was libelous, plaintiff did not suffer pecuniary loss because, based on her uncontroverted evidence, plaintiff's

1  business closed on or around February 2009, nearly nine months prior to the publication of the
2  challenged statements. Plaintiff was awarded nominal damages in the amount of $1.00.
3        On November 3, 2010, plaintiff filed a motion for reconsideration. Plaintiff
4  asserts reconsideration is warranted on grounds of clear error of law and manifest injustice.
5  Plaintiff contends the court erred when it declined to recognize postings made by defendants
6  prior to November 23, 2009. Plaintiff argues that because summary judgment is based on
7  pleadings, depositions, answers to interrogatories, and admissions on file, together with
8  affidavits, the court should have considered defendants' alleged admissions to posting statements
9  prior to November 23, 2009.
10        On November 12, 2010, defendants filed an opposition.
11        On January 14, 2011, plaintiff submitted the declaration of Christine Hemmings
12  in support of her motion for reconsideration. In the declaration, Ms. Hemmings states that on
13  November 16, 2009 she entered into a contract with plaintiff for wedding planning services.
14  (Hemmings Decl., ¶ 2.) On December 22, 2009, while conducting an Internet search, Ms.
15  Hemmings came across the defendants' November 23, 2009 posting. (Id. ¶ 3.) Ms. Hemmings
16  contacted defendant Jennilee Hill for further information and subsequently terminated her
17  contract with plaintiff. (Id.)

## DISCUSSION

19       A basic principle of federal practice is that courts generally refuse to reopen
20  decided matters. Magnesystems, Inc. v. Nikken, 933 F. Supp. 944, 948 (C.D. Cal. 1996).
21  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and
22  conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A
23  reconsideration motion "should not be granted absent highly unusual circumstances." McDowell
24  v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A
25  reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new
26  theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See
   Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration

must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. at 1131.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). There may be other highly unusual circumstances warranting reconsideration. Id. at 1263. Denial of reconsideration is reviewed for abuse of discretion. Id. at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Publisher's Resource, Inc. v. Walker Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985) (quoting Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (italics in original)); see Novato Fire Protection Dist. v. United States, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), cert. denied, 529 U.S. 1129 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." See Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Under this court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

/////

With these standards in mind, the court turns to whether it was error to decline to consider statements made by defendants prior to November 23, 2009 in deciding the parties' cross-motions for summary judgment. As discussed in this court's October 27, 2010 order, plaintiff had submitted evidence in support of her motion for summary judgment that at least one publication was made "2 years" before July 28, 2010 (presumably on or around July 2008) and, thus, before her business shut down in February 2009. The statements from that publication that plaintiff contends are defamatory are as follows: "Just a little friendly advice about Nina's Lovely I Dos. Don't hire her. You will regrett [*sic*] it. Unless of course you want to pay her...then actually do everything yourself while she either shows up hours late or not at all." See Doc. No. 72 at 10.

"The general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint. [Citations.]" Kahn v. Bower 232 Cal. App. 3d 1599, 1612 n.5 (Cal. Ct. App. 1991). In the amended complaint, plaintiff alleged that on November 23, 2009, the defendants published on multiple website forums certain libelous statements, which she typed verbatim in the first amended complaint and to which she referred repeatedly as the source of her claims: "this published statement," Compl ¶ 9; "these published statements," id. ¶ 10; "the above-described publication," id. ¶¶ 11-12, 14; and "the Defendants' publication," id. at 13. Plaintiff did not refer to or attach to her amended complaint any other statements or publications, including those presumably made on or around July 2008. Thus, the only statements before the court were those included in plaintiff's amended complaint, namely, the defendants' November 23, 2009 publication.

/////
/////
/////
/////
/////

1  Finally, to the extent plaintiff submits Ms. Hemmings's declaration in support of
2  her motion for reconsideration, plaintiff fails to explain why she did not offer this declaration at
3  the time she filed her August 23, 2010 motion for summary judgment.  See Local Rule 230(j).
4  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for
5  reconsideration is denied.
6  DATED: February 15, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;agar0323.recons